UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NINIMBE MITCHELL,

                           Petitioner,

      -against-                                   9:23-CV-0155 (LEK/DJS)

JOSEPH COREY,

                           Respondent.

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

      Petitioner Ninimbe Mitchell seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2.

      On February 8, 2023, the Court denied Petitioner's IFP application because it was incomplete. Dkt. No. 3 ("February Order") at 1. The Court gave Petitioner thirty days to properly commence the action by either paying the statutory filing fee or filing a properly certified in forma pauperis application. Id. at 2.

      Petitioner timely complied and remitting the statutory filing fee on March 1, 2023. Dkt. Entry dated 03/01/23; Dkt. No. 6. The case was then reopened. Dkt. No. 5.

### II.  THE PETITION

      Petitioner challenges a 2017 first degree robbery conviction in Onondaga County Court. Pet. at 1–2. The New York State Appellate Division for the Fourth Department ("Fourth Department") affirmed the conviction, and, on October 28, 2020, the New York State Court of Appeals denied leave to appeal. Id. at 2. Petitioner did not file a writ of certiorari with the United States Supreme Court. Id.

Petitioner later filed a motion in Onondaga County Supreme Court seeking to vacate his conviction pursuant to New York Criminal Procedure Law § 440 ("440 Motion") in January 2022. Pet. at 3; Dkt. No. 1-3 at 4. However, the 440 Motion was denied on May 2, 2022. Pet. at 4; see also Dkt. No. 1-5 at 10–17. Petitioner applied for leave to appeal, which the Fourth Department denied on September 22, 2022. Pet. at 6; Dkt. No. 1-3 at 3.

Petitioner contends that he is entitled to federal habeas relief because (1) his counsel was constitutionally ineffective, Pet. at 5–7; Dkt. No. 1-2 at 7–15; and (2) his conviction was supported by insufficient evidence. Pet. at 7–8. For a complete statement of Petitioner's claims, reference is made to the Petition and attached exhibits and supporting memorandum of law.

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally runs from the date on which a state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A).

For purposes of 28 U.S.C. § 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. Gonzalez, 565 U.S. at 150; Saunders v. Senkowski, 587 F.3d 543, 547–49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not

reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision also excludes from the limitations period the time that the state relief application remains undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548; Smith, 208 F.2d at 16.

    Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). Similarly, another equitable exception to the one-year statute of limitations established by the Supreme Court is when a petitioner can prove actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

    However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. See Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010); Smith, 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling). In this case, the Fourth Department affirmed Petitioner's conviction, and later, on October 28, 2020, the Court of Appeals denied Petitioner's application for leave to appeal. Mitchell, 185 A.D.3d at 1534, lv. to appeal denied, 35 N.Y.3d at 1114. Petitioner did not file a writ of certiorari; therefore, his conviction became final 90 days later, on January 26, 2021, and he had until January 26, 2022, to timely file his habeas petition. 28 U.S.C. § 2244(d)(1); Saunders, 587 F.3d at 548–49. The Petition was filed on January 20, 2023. Pet. at 15. That is 359 days beyond the expiration of the limitations period.

Petitioner correctly argues that his 440 Motion serves to statutorily toll the limitations period. The 440 Motion was filed somewhere between January 13, 2022, and January 25, 2022. Giving Petitioner the benefit of the doubt, the Court will presume that January 13, 2022, the same day the papers were notarized, was the day they were filed. Accordingly, 352 days of the limitations period had passed when tolling commenced.

However, Petitioner is incorrect that the tolling period continued indefinitely. The limitations period remained tolled through the time that the Fourth Department issued its decision, denying leave to appeal, on September 22, 2022. Saunders, 587 F.3d at 548; Smith, 208 F.2d at 16. Thereafter, Petitioner had thirteen (13) days, or until October 6, 2022, to timely file the instant action. The present Petition, filed on January 30, 2023, was filed 116 days, or almost four months, beyond the expiration of the limitations period.

Furthermore, the Petition does not contain any facts which would indicate that equitable tolling or an equitable exception to the statute of limitations applies. Therefore, the Petition appears untimely.

The Supreme Court has held that a district court may raise the statute of limitations issue sua sponte, but before a court may dismiss the petition sua sponte on that basis, a petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. See Day v. McDonough, 547 U.S. 198, 209–11 (2006).

Accordingly, Petitioner is given leave to file a written affirmation within **sixty (60) days** of the filing date of this Memorandum-Decision and Order that explains why the statute of limitations should not bar his petition. His explanation may include, among other arguments, a discussion of which equitable exceptions he believes apply to his Petition, or why the limitation period should be tolled. The affirmation must not exceed fifteen (15) pages in length. If

Petitioner fails to comply with this order, this Petition may be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Petitioner file a written affirmation, within **sixty (60) days** of the filing date of this Memorandum-Decision and Order, explaining why the statute of limitations should not bar this Petition. The affirmation shall not exceed **fifteen (15) pages** in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If Petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If Petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the Petition will be required from Respondent until Petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED**, that upon Petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the Court for review; and it is further

**ORDERED**, that if Petitioner fails to submit the required affirmation, this Petition may be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further

**ORDERED,** that the Clerk is directed to serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 6, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge