UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NINIMBE MITCHELL,

                  Petitioner,

   - v -                                     9:23-CV-0155
                                                (LEK/DJS)
JOSEPH COREY,

                  Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

NINIMBE MITCHELL
Petitioner *Pro Se*
17-B-2899
Wallkill Correctional Facility
Box G
Wallkill, New York 12589

HON. LETITIA JAMES                 MICHELLE E. MAEROV, ESQ.
Attorney General for the State of New York   DANIEL HUGHES, ESQ
Attorney for Respondent              Assistant Attorneys General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

On August 16, 2017, *pro se* Petitioner Ninimbe Mitchell was convicted following a trial of Robbery in the First Degree. Dkt. No. 1, Petition ("Pet.") at p. 1.[2] Two months later, he was sentenced to a term of imprisonment of fifteen years with two and a half

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

years of post-release supervision. *Id.* Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel and insufficient evidence. Pet. at pp. 5-7. The Petition was filed February 6, 2023. Concerned regarding the timeliness of the Petition, the Court issued an order directing Petitioner to file a written affirmation explaining why the statute of limitations should not bar the Petition. Dkt. No. 7. Petitioner claims that the Petition should not be dismissed as untimely for equitable reasons. Dkt. No. 8, Affirmation ("Affirmation.") at p. 2. Respondent has filed a Memorandum of Law in Opposition claiming the Petition is time-barred. Dkt. No. 13-1, Resp. Mem. of Law at p. 3.

For the reasons that follow, this Court recommends the Petition be dismissed as untimely.

## I. BACKGROUND

Petitioner appealed his conviction to the New York Appellate Division, Fourth Department. *Id.* at p. 2. The Appellate Division rejected Petitioner's contention that there was insufficient evidence to support his conviction. *People v. Mitchell*, 185 A.D.3d 1533, 1534 (4th Dep't 2020). The New York Court of Appeals denied leave to appeal. 35 N.Y.3d 1114 (2020). Petitioner did not file petition for a writ of certiorari with the United States Supreme Court. Pet. at p. 3. In January 2022, Petitioner filed a motion in Onondaga County Supreme Court seeking to vacate his conviction pursuant to New York Criminal Procedure Law §440 ("440 Motion"). *Id.* at pp. 3-4. Petitioner's 440 Motion was denied on May 2, 2022, and the Fourth Department denied Petitioner's leave for appeal on September 22, 2022. *Id.* at pp. 4-6. Petitioner filed the present Petition on

January 30, 2023. *Id*. at p. 15. As noted, the Court requested that Petitioner submit a written affirmation to explain the potential untimeliness of the current Petition. Dkt. No. 7 at pp. 4-5. Petitioner responded on June 7, 2023, and claimed that the untimeliness of the Petition was the result of Petitioner's inability to access the prison law library due to the ongoing COVID-19 Pandemic and gang-related lockdowns and incidents. Affirmation at pp. 2 & 6.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a habeas corpus petition be filed within one year of the date in which a petitioner's state court conviction becomes final. 28 U.S.C. § 2244(d)(1). A judgment is considered final when there has been the conclusion of direct review or expiration of the time for seeking direct review. *Id.* Accordingly, a conviction is final when certiorari from the Supreme Court of the United States is denied or upon the date when the opportunity to obtain certiorari expires. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Leave to appeal Petitioner's state court conviction was denied by the New York Court of Appeals on October 28, 2020. Pet. at. p. 3. Under Supreme Court Rule 13, Petitioner would normally have had 90 days following the entry of final judgment to seek certiorari from the Supreme Court. Sup. Ct. R. 13. At the time, however, the Supreme Court had temporarily extended the period in which a petitioner could petition for certiorari to 150 days. *See Drame v. Uhler*, 2023 WL 1796423, at *1 n.1 (S.D.N.Y. Feb. 6, 2023). Thus, in accordance with Supreme Court rules, Petitioner's conviction became final on March

29, 2021.³ Petitioner, without the benefit of any tolling, then had until March 2022, to file a timely habeas corpus petition. The present Petition was filed on January 30, 2023, over 306 days following the non-tolled deadline. Pet. at p. 15. Petitioner, while entitled to some statutory tolling, is ultimately not entitled to any equitable tolling. As a result, the Petition is untimely, warranting its dismissal.

## A. Statutory Tolling

The AEDPA provides a period of statutory tolling for the time "during which a properly filed application for state post-conviction or other collateral review…is pending." 28 U.S.C. 2244(d)(2). Applications, such as a C.P.L. §440.10 motion, are considered "pending" from the time the application is filed through the time in which the defendant could file an application for leave of appeal following a denial from the Appellate Division. *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999). Petitioner properly filed a 440 Motion on January 13, 2022, with the Onondaga County Supreme Court. Pet. at p. 3. Petitioner's 440 Motion was amended and re-filed on February 14, 2022. *Id.* at p. 4. The motion was denied by the trial court on May 2, 2022, and the Appellate Division, Fourth Department denied Petitioner's application for leave to appeal on September 22, 2022. *Id.* at pp 4 & 13.

Due to Petitioner's properly filed 440 Motion, Petitioner is entitled to some period of statutory tolling. This period however is limited and does not ultimately render the

---

³ Petitioner's time to seek certiorari ended on March 27, 2021, which fell on a Saturday. Supreme Court Rule 30 notes that if the last day of a certiorari application falls on a Saturday, Sunday, or day in which the Court is closed (such as in the event of a Federal Holiday), the period is extended to the next day in which the Court is open. Sup. Ct. R. 30. In the present case, this would be Monday, March 29, 2021.

present Petition timely. The limitations period, which began running on March 30, 2021, can only be considered statutorily tolled for the period between January 13, 2022, and September 22, 2022. Therefore, the limitations period ran for a period of a little over nine months (approximately 289 days) before being tolled by Petitioner's properly filed and pending 440 Motion. Following the conclusion of the tolling period, which ended on September 22, 2022, the limitations period continued to run for just under 130 days until Petitioner filed his Petition on January 30, 2023. This equates to 418 days, making the Petition untimely by just over 50 days. Therefore, it must be determined whether Petitioner is entitled to any equitable tolling, otherwise the Petition should be dismissed as untimely.

### B. Equitable Tolling

A petitioner is eligible for equitable tolling only if the petitioner shows that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). To successfully show a diligent pursuit of his rights, Petitioner must simply "act as diligently as reasonably expected under the circumstances." *Baldayaque v. U.S.*, 338 F.3d 145, 153 (2d Cir. 2003). In addition "extraordinary circumstances" speaks not to the uniqueness of a petitioner's circumstance but rather the circumstance's severity that impacted a petitioner's compliance with the limitations period. *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

Petitioner claims that his lack of access to the prison law library as a result of COVID-19 public health measures and gang-related activity, warrants equitable tolling.

The COVID-19 pandemic, while disruptive in its effects, does not automatically establish a petitioner's right to equitable tolling as Petitioner is still required to show how he sought to diligently pursue his rights considering the extraordinary circumstances. *Morales v. People*, 2021 U.S. Dist. LEXIS 246677 at *5 (E.D.N.Y. 2021); *see also Cottell v. Reardon*, 2023 U.S. Dist. LEXIS 98699 at *13 (S.D.N.Y. 2023). Here, Petitioner failed to proffer any substantive efforts undertaken to contend with the alleged inability to access the prison law library and attempt a timely submission of the Petition.

Petitioner, in his written affirmation, noted that the law library maintained its regular call-out schedule for the law library during the relevant period. Affirmation at p. 3. This implies that the library was generally accessible to the inmate population (particularly, those who were successful in their attempts to be added to the schedule). Petitioner makes no affirmative assertion as to whether he continually attempted to be added to the call-out schedule.

It is well established that mere lack of access to a prison law library or its staff is insufficient to warrant the granting of equitable tolling. *Royal v. Lee*, 2012 U.S. Dist. LEXIS 185856 at *12 (S.D.N.Y. 2012); *see also Stokes v. Miller*, 216 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 172 n.7 (S.D.N.Y. 2000). Petitioner failed to provide any documentation or affirmative evidence of the various relevant public health measures instituted as a result of COVID-19 and how these measures prevented library access. Petitioner submitted several forms outlining masking and vaccination policies related to outside visitation but fails to explain how these policies

are related to law library access and the timely filing of the petition. Affirmation at pp. 7-14.

Further, during the time that Petitioner alleges an inability to sufficiently access the law library, he was an active pro se state court litigant engaging himself in the filing of multiple appeal attempts. SR. 642-646, 648-659, 701-708, 718-725. This belies Petitioner's claim that circumstances within the facility impeded Petitioner's ability to litigate.

Petitioner is not entitled to equitable tolling due to his failure to establish the presence of extraordinary circumstances and to engage in a reasonably diligent pursuit of his rights considering these circumstances.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[4] and it is

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   April 24, 2024
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge