UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NINIMBE MITCHELL,

                              Petitioner,

    -against-                                                9:23-CV-155 (LEK/DJS)

JOSEPH COREY,

                              Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        On February 6, 2023, Petitioner Ninimbe Mitchell filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel and multiple issues related to evidentiary sufficiency. Dkt. No. 1 ("Petition"). Respondent has filed a response claiming the Petition is time-barred. Dkt. No. 13-1. Petitioner has filed a traverse. Dkt. No. 15 ("Traverse").

        On April 24, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, filed a report and recommendation recommending that the Petition be denied and dismissed. Dkt. No. 17 ("Report and Recommendation"). Neither party filed objections to the Report and Recommendation.

        For the reasons discussed below, the Report and Recommendation is adopted in part and rejected in part.

**II.    BACKGROUND**

        The Court presumes familiarity with the background of this case as detailed in the Memorandum-Decision and Order filed on April 6, 2023, <u>see</u> Dkt. No. 7 at 1–2, and in the Report and Recommendation, <u>see</u> R. & R. at 1–3.

1

In the Report and Recommendation, Judge Stewart reviewed the applicable deadlines under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and concluded that the Petition was untimely as it was filed "over 306 days following the non-tolled deadline." Id. at 3–4. Judge Stewart noted that Petitioner was entitled to statutory tolling because he filed a motion for relief pursuant to C.P.L. § 440.10, but the Petition was still "untimely by just over 50 days." Id. at 5. Judge Stewart found that Petitioner was not entitled to equitable tolling "due to his failure to establish the presence of extraordinary circumstances and to engage in a reasonably diligent pursuit of his rights considering these circumstances." Id. at 7. Judge Stewart thus recommended that the Petition be dismissed as untimely. See id. at 4.

Judge Stewart also recommended that the Court not issue a Certificate of Appealability ("COA") "because Petitioner has failed to make 'a substantial showing of the denial of a constitutional right' as required by 28 U.S.C. § 2253(c)(2)." Id. at 7 (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Walker v. Artus, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those

portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.  DISCUSSION

Since no party objected to the Report and Recommendation, the Court reviews for clear error. See DiPilato, 662 F. Supp. 2d at 339. For the reasons stated below, the Court adopts Judge Stewart's recommended disposition and dismisses the Petition as untimely.

As discussed by Judge Stewart, "[a] petitioner is eligible for equitable tolling only if the petitioner shows that '(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." R. & R. at 5 (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). "Numerous district courts in the Second Circuit have found the COVID-19 pandemic to qualify as an extraordinary circumstance for equitable tolling purposes." Ghee v. McAuliffe, No. 23-CV-505, 2024 WL 1558480, at *4 (N.D.N.Y. Apr. 10, 2024) (collecting cases). Petitioner states that access to the law library and law clerks was limited due to COVID-19 restrictions and gang-related lockdowns. See Dkt. No. 8 ("Affirmation") at 4. Accordingly, the Court agrees with Petitioner that the COVID-19 restrictions at Petitioner's facility constitute an extraordinary circumstance for the purposes of equitable tolling. To the extent in which the Report and Recommendation recommends otherwise, that reasoning is rejected.

However, Petitioner must also establish that he diligently pursued his remedies despite the existence of an extraordinary circumstance. See Ghee, 2024 WL 1558480, at *4 (determining that the petitioner was not entitled to equitable tolling because the "petitioner offers nothing beyond conclusory allegations to show he diligently pursued his rights during his time in quarantine"); Mairs v. Fields, No. 20-CV-1451, 2021 WL 4311140, at *2 (E.D.N.Y. Sep. 22, 2021) (finding that COVID-19 restrictions at the petitioner's facility were an extraordinary circumstance but dismissing the petitioner's request for equitable tolling on diligence grounds because the petitioner "says literally nothing about any actions he undertook or attempted in order to advance his petition in the period he seeks to have tolled."); Green v. Capri, No. 17-CV-392, 2018 WL 2452623, at *4 (N.D.N.Y. May 31, 2018) ("While petitioner asserts conclusorily that he 'pursu[ed] his rights diligently,' it is unclear what efforts he made to timely file his petition despite the general obstacles he faces in accessing the law library.").

Petitioner states that he has been "studying the laws, the constitutions, and how to apply both to this case," but does not state what specific actions he has taken to pursue his remedies. Traverse at 2; see also Affirmation at 3 ("The case at bar is both rare and exceptional, for the petitioner has been diligently pursuing his claims in state courts to the best of his ability."). Although Petitioner states that this access to the law library was limited, he does not specify or estimate the periods in which when he was unable to access the law library. Thus, the Court cannot determine which time periods Petitioner seeks to have tolled or whether Petitioner made diligent efforts during those periods to file the Petition despite the extraordinary circumstances he faced. Therefore, the Court agrees with the Report and Recommendation that Petitioner failed to establish a reasonably diligent pursuit of his rights.

Accordingly, the Court finds that Petitioner failed to diligently pursue his claim during the periods impacted by COVID-19, and, therefore, is not entitled to equitable tolling. As such, the Petition is dismissed as untimely.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 17, is **ADOPTED in part and REJECTED in part**; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    July 12, 2024
          Albany, New York

LAWRENCE E. KAHN
United States District Judge